# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:25-CR-00048-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DIEGO RIVERA ZAYAS (01)** | **MAGISTRATE JUDGE LEBLANC** |

## <u>MEMORANDUM ORDER</u>

Before the Court is a "Motion for Reconsideration, Alter, or Amend with Request for Expedited Consideration" (Doc. 47) wherein Defendant, Diego Rivera Zayas, moves for the Court to reconsider its denial of Defendant's Motion to Continue.[1]

Defendant contends that he has not had enough time to secure an IME as to the victim, nor has he had time to investigate the video surveillance that depicts the relevant altercation.

Defendant, through counsel, informs the Court that he intended to file a reply to the Government's Opposition to the Motion to Continue, but the Court ruled on the Motion before he could get it filed.  Defendant attached his proposed Reply to this Motion for Reconsideration.  The Court has reviewed both the attachment as well as the Memorandum supporting Defendant's Motion for Reconsideration.

In the proposed Reply, Defendant withdraws his assertion that Mr. Windham will be unavailable for the October 14, 2025, trial as a basis for his Motion to Continue.  He also asserts that he does not intend to submit Mr. Windham as an expert, but only as a lay

---

[1] Doc. 46.

witness. In the previous ruling, the Court relied on Defendant's assertion that he intended to use Mr. Windham's testimony and opinions to defend Defendant's actions that were purportedly caused by PTSD. This is expert testimony because it requires scientific, technical, or other specialized knowledge.

Defendant now informs the Court that Mr. Windham will testify as a lay witness. However, a witness who provides only lay testimony may give limited opinions that are based on the witness's perception and that are helpful in understanding the testimony or in determining a fact in issue, but the witness may not opine based on scientific, technical, or other specialized knowledge." See *United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010).

"If the witness is only testifying as a lay witness, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FED. R. EVID. 701. '[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.'" *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir.2008) (internal quotations omitted).

The Government states that Defendant is seeking to elicit testimony from Mr. Windham concerning a diagnosis of PTSD and the purported effect of that condition on the Defendant's state of mind at the time of the alleged offense. The Government argues

that any such testimony constitutes expert opinion under Federal Rule of Evidence 702 because it depends on specialized psychological knowledge, training, and application of diagnostic criteria, rather than the therapist's firsthand observation. Under Rule 701, a lay witness may testify only to opinions rationally based on their perception and not derived from specialized knowledge.

The Government remarks that a treating physician or therapist may testify as a fact witness about matters personally observed during treatment—such as the defendant's demeanor, statements, or treatment plan—but any testimony diagnosing a mental disorder or opining on its causal effect crosses into expert territory. See *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (treating physicians may testify as lay witnesses only to facts learned during treatment; expert opinions require compliance with expert-disclosure rules). As such, the Government argues that Mr. Windham may not offer any opinion diagnosing PTSD, describing its symptoms, or linking it to the defendant's alleged conduct. The therapist's testimony should be strictly limited to factual matters observed during treatment.

Here, Defendant is charged with assault resulting in serious bodily injury pursuant to Title 18 United States Code, Section 113(a)(6). This is a general intent crime. To prove assault resulting in serious bodily injury, the Government must prove beyond a reasonable doubt the following elements: 1) The defendant assaulted the victim, 2) as a result of the assault the victim suffered serious bodily injury, and 3) the assault happened in federal territory.

A general intent crime does not require knowledge or appreciation of the wrongfulness of the act. "In contrast to the other forms of aggravated assault under the federal statute governing assaults within maritime and territorial jurisdiction, aggravated assault involving serious bodily injury is a general intent crime; a specific intent to do harm is not an element of the offense." 18 U.S.C.A. § 113(a)(6). *United States v. Calbat*, 266 F.3d 358 (5th Cir. 2001). Additionally, "Evidence of a defendant's diminished mental capacity is admissible in a criminal prosecution under two conditions; first, such evidence may negate the mens rea of a "specific intent" crime, but not the mens rea of a "general intent" crime, and, second, expert testimony is limited to a diagnosis, the facts upon which the diagnosis is based, and the characteristics of any mental disease or defect from which the defendant suffered during relevant time period." *United States v. Murphy*, 556 F. Supp. 2d 1232 (D. Colo. 2008). See also *United States v. Brown*, 326 F.3d 1143, 1147 n. 2 (10th Cir.2003) ("The use of psychological or psychiatric evidence to negate an element of the government's case is limited to offenses requiring proof of a specific intent.").

The Government contends that Mr. Windham's testimony would be improper, misleading, and confusing to the jury and should be excluded. The Court agrees with the Government, however, Mr. Windham will only be allowed to testify, not as an expert, but as a lay witness, and only if the Defendant can lay a proper foundation.  The Court has already ruled that Mr. Windham cannot assert a defense based on PTSD, thus any mention or opinions of PTSD will not be allowed.

Next, Defendant complains that he was unable to address the video surveillance issues and secure an IME due to the short 30-day window. Notwithstanding that there is

no authority under the Federal Rules of Criminal Procedure permitting a court to compel a victim to submit to an examination by the defense, the Court notes that counsel for Defendant has been enrolled in this case since June 2, 2025. Counsel's suggestion that he had only 30 days to secure an IME is not accurate, and not a basis for a continuance. The Court notes that Federal Rule of Civil Procedure 35 authorizes physical and mental examinations in civil cases upon a showing of good cause, and no corresponding rule exists in the criminal context.

The Government contends that Defendant's confrontation and due process rights are fully safeguarded through access to the victim's medical records disclosed under Federal Rule of Criminal Procedure 16 and *Brady*, cross-examination of the treating providers, and the ability to retain an independent expert to review existing records. The Court agrees, and even if Defendant had a legal right to invade upon the victim's privacy, he has failed to establish good cause for doing so.

Likewise, Counsel's complaint that he has not had sufficient time to address the video surveillance is not a basis for a continuance. Again, counsel has been enrolled in this case since June 2, 2025, much more than 30 days. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, Alter, or Amend with Request for Expedited Consideration" (Doc. 47) is **DENIED,** and the Motion for Expedited Consideration is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 10th day of October, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**